Douglas E. UNDERWOOD and Robert A. Resling, Plaintiffs–Appellants,

v.

SKYWORLD AIRLINES, INC., a Delaware corporation; Ports of Call, Inc., a Delaware corporation; Ports-of-Call Travel Club, a Colorado corporation; Robert Lawrence (Larry) Turrill, Harlan G. Balaban and Robert Wiseman, Defendants–Appellees.

No. 87CA1676.

Colorado Court of Appeals, Div. I.

March 30, 1989.

Rehearing Denied May 11, 1989.

Certiorari Denied Sept. 18, 1989.

Goss & Waltz, Douglas K. Goss, Denver, for plaintiffs-appellants.

Holmes & Starr, P.C., Kenneth L. Starr and Ann Livedalen, Denver, for defendants-appellees Skyworld Airlines, Inc., Ports of Call, Inc., Ports-of-Call Travel Club, Harlan G. Balaban and Robert Wiseman.

Keller, Dunievitz, Johnson & Wahlberg, Alex Stephen Keller, Denver, for defendant-appellee Robert Lawrence (Larry) Turrill.

PLANK, Judge.

Plaintiffs, Douglas E. Underwood and Robert A. Resling, appeal the summary judgment dismissing their claims for breach of contract, wrongful termination of employment, civil conspiracy, defamation, and outrageous conduct. We reverse.

Underwood was employed by defendant, Skyworld Airlines, Inc., as a pilot and Vice President of Operations. Resling was employed by Skyworld as a pilot and Director

of Flight Operations. Both men were dismissed from their positions and claimed that they could be discharged only for cause, as set forth in Skyworld's employee handbook. Defendants filed a motion for summary judgment, asserting that the court lacked subject matter jurisdiction because plaintiffs' exclusive remedies were the dispute resolution procedures set out in the Railway Labor Act (federal act), 45 U.S.C. § 151, et seq. (1982) (federal act). The trial court agreed, concluding that plaintiffs' exclusive remedy was arbitration under the federal act.

### I.

■ Plaintiffs contend that the trial court erred in concluding that they were "employees" as that term is defined in the federal act and, thus, were subject to the arbitration provisions of that act. We agree that this conclusion was erroneous.

The federal act provides that an employee "includes every person in the service of a carrier who performs any work defined as that of an employee or subordinate official in the orders of the Interstate Commerce Commission...." 45 U.S.C. § 151, Fifth (1982).

The purpose of this statutory provision "is to authorize the Interstate Commerce Commission to define and classify the work of an 'employee' or 'subordinate official,' apart from the work of 'executives' and 'officials,' to the end that the status of each under the Act shall be determined by the character of his work." *Brotherhood of Locomotive Firemen & Enginemen v. Interstate Commerce Commission*, 147 F.2d 312 (D.C.Cir.1945), *cert. denied*, 325 U.S. 860, 65 S.Ct. 1196, 89 L.Ed.1981 (1945).

■ The statute contains no definition of a subordinate official. The Interstate Commerce Commission has stated that as a practical matter it is not feasible to make a definite line of demarcation between subordinate officials, who are covered under the federal act, and officials and executives, who are not protected by that act. Rather, in making that determination, it looks to the facts of each case. *In re Regulations Concerning the Class of Employees & Subordinate Officials To Be Included Within the Term "Employee" Under the Railway Labor Act*, 266 I.C.C. 85 (1946).

The federal act extends to common carriers by air, and provides that, with one exception not applicable here, all provisions of the act extend to "every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers, subject to its or their continuing authority to supervise and direct the manner of rendition of his service." 45 U.S.C. § 181 (1982). Thus, if plaintiffs performed only as pilots, they would have been covered by the federal act.

The Interstate Commerce Commission has not classified persons holding dual positions such as plaintiffs as either employees or officials. *See In re Representation of Employees of Northwest Airlines, Inc.*, 2 N.M.B. 19 (Case No. R–2107, May 26, 1948). However, the National Mediation Board determined that plaintiffs were not eligible to vote in a certification election of Skyworld's flight deck crew members "because they were members of management and not employees or subordinate officials within the meaning of the [federal act]." Thus, the National Mediation Board has determined that plaintiffs are outside the act's protection, and its interpretation of the federal act is entitled to deference. *See Switchmen's Union v. National Mediation Board*, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943).

Under these circumstances, we conclude that the trial court erred in determining that plaintiffs' exclusive remedy was the arbitration mechanism established under the federal act.

■ Defendants contend that the trial court's decision should be affirmed because a letter from the National Mediation Board which plaintiffs submitted in opposition to the motion for summary judgment was not sworn or certified. However, plaintiffs submitted other documents which contained similar information and which were certified. Thus, we conclude that any technical inadequacies concerning the letter

should not be determinative of the issues in this case.

## II.

█ Plaintiffs also contend that the trial court erred in ruling that, to the extent plaintiffs were classified as managers and not employees, they could be discharged without cause from their positions with Skyworld pursuant to certain provisions of Skyworld's articles of incorporation and by-laws. We agree.

Plaintiff's claims for relief include allegations of breach of an employment contract embodied in Skyworld's employee handbook and in other promises which were allegedly made to the plaintiffs. Furthermore, plaintiffs claimed that by assuming the assets and liabilities of Ports of Call, Skyworld is also responsible for the contractual duties and obligations owed to the employees of Ports of Call. These claims may be cognizable under *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo. 1987). Thus, we conclude that the trial court erred in determining, without consideration of Skyworld's employee handbook or of other promises allegedly made to plaintiffs, that plaintiffs could be dismissed from their management positions without cause.

The judgment is reversed and the cause is remanded to the district court for further proceedings consistent with this opinion.

PIERCE and RULAND, JJ., concur.